UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.  8:95-cr-227-T-23TGW
   8:16-cv-2034-T-23TGW

LESLIE A. PARKER
_____/

**O R D E R**

Parker moves to vacate his sentence under 28 U.S.C. § 2255 (Doc. 1) and asserts entitlement to relief under *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), and *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). Parker's earlier motion to vacate under 28 U.S.C. § 2255 was denied.  (Docs. 68 and 79 in 95-cr-227) Parker is precluded from a second or successive motion without authorization from the Eleventh Circuit Court of Appeals.  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  *Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Dunn v. Singletary*, 168 F.3d 440, 442 (11th Cir. 1999).

The circuit court (1) denied Parker's initial request for leave to file a second or successive motion under *Johnson* and *Welch*, (2) granted his later request and authorized his filing a second or successive motion, and (3) vacated the earlier authorization and denied Parker's request for leave to file a second or successive

motion. (Docs. 85, 89, and 93 in 95-cr-227)  A district court lacks jurisdiction to review a second or successive motion without the requisite authorization from the circuit court.  *Burton v. Stewart*, 549 U.S.147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").  Because the circuit court withdrew the earlier authorization and denied authorizing a second or successive motion, Parker cannot proceed with the present action.

Accordingly, the earlier order (Doc. 3) directing Parker to file a supporting memorandum and directing the United States to respond is **VACATED**.  Parker's motion (Doc. 7) for an extension of time to file his supporting memorandum is **DENIED** as moot.  The motion to vacate (Doc. 1) is **DISMISSED** as un-authorized.  The clerk must **CLOSE** this case.

ORDERED in Tampa, Florida, on August 17, 2016.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE